UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS T. MICKEL, ) | |
| ) | |
| Plaintiff, ) | 3:79-cv-00239-LRH-VPC |
| ) | |
| vs. ) | |
| ) | ORDER |
| CHARLES WOLFF, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court with respect to four *pro se* motions "to correct violation of permanent injunction and decree," filed by state prisoners Thomas G. Smittle, Michael Dick, Shane Johnson, and Jude Perry. (Docket # 168, 169, 170, and 171). All four prisoners are or were incarcerated at Nevada's Lovelock Correctional Center.[1]

The named plaintiff in this action, Dennis T. Mickel, who was an inmate at Nevada State Prison at the time of filing this lawsuit, alleged that he was denied the right to practice his Native American religion in violation of the First Amendment. A consent decree was entered in this action on December 23, 1980, by District Judge Reed. (Docket #42). The salient points of the 1980 consent decree are as follows:

■  Inmates within the Nevada State Prison in administrative segregation or protective custody are individually permitted to participate in Native American religious pipe ceremonies no less frequently than twice per month. These inmates are permitted to access Native American

---

[1] Shane Johnson is no longer incarcerated, according to the Nevada Department of Corrections.

1       religious materials, literature, and visits to the same extent as other inmates.

2 ■   Inmates within the Nevada State Prison with a custody status other than punitive segregation, administrative segregation, or protective custody are permitted to attend Native American religious sweat lodge ceremonies. Inmates in protective custody may attend sweat lodge when such attendance is consistent with their personal health and safety.

■   Native American inmates at Nevada State Prison are permitted to access literature and materials concerning their religion in the same manner and to the same extent as other religions.

■   Nevada State Prison will provide, or permit inmates to obtain, materials necessary for the construction and maintenance of a sweat lodge within the institution.

■   The Post Order and Policy Memorandum adopted pursuant to the consent decree shall impose no greater restrictions upon the rights of inmates at Nevada State Prison, and shall not be revoked, modified, or abridged the practice or participation in Native American religious activities, except when legitimate security interests necessitate curtailment of religious practices in a non-discriminatory fashion.

The grants included in the 1980 consent decree were incorporated into Administrative Regulation (AR) 809, governing Native American religious activities of inmates within the Nevada Department of Corrections (NDOC).

On June 9, 2008, the NDOC put into effect Administrative Regulation (AR) 810, "Religious Practice Manual." AR 810 supercedes former AR 809. Inmates Thomas G. Smittle, Michael Dick, Shane Johnson, and Jude Perry allege that on various dates, including July 12, July 19, July 26, August 1, August 9, and August 23, 2008, they attended sweat lodge ceremonies at Lovelock Correctional Center, but were denied a traditional ceremonial meal and cold water plunge. The inmates contend that AR 810 violates the 1980 consent decree entered in this case.

The Court has reviewed AR 810. Part 10(E) of the regulation sets forth the procedure by which food may be used at inmate religious ceremonies. The Court discerns no violation of the consent decree entered in this case. The new regulations within AR 810 allow inmates to purchase food from Canteen Services for use at recognized religious holiday ceremonies. The regulations also require that inmates seek and obtain prior approval from the chaplain or warden's designee before taking food to their religious grounds. That the regulations have been revised indicates no violation of the consent decree in this case, and this Court will not interfere with the procedures set forth in

AR 810.

Regarding cold water plunges, AR 810, at Part 11(A), subsection (g)(3), addresses the issue of plunge pools at Native American religious sweat lodge ceremonies. The new regulation reads as follows:

> To the extent they exist as of January 1, 2008 a plunge pool is permitted. However, existing plunge pools shall not be replaced or repaired as they deteriorate as it is recognized that plunge pools are medicinal and therapeutic; not religious. For those grounds without a plunge pool the inmates may have access to a hose and a bucket.

Inmates Smittle, Dick, Johnson, and Perry do not indicate whether or not Lovelock Correctional Center has an existing plunge pool. The inmates do not allege that they were denied the use of water by means of a hose and bucket. The inmates' motions do not demonstrate that the plunge pool, equivalent facilities, or any regulation regarding plunge pools, is violative of the consent decree entered in this case.

In sum, the motions of inmates Smittle, Dick, Johnson, and Perry are denied. The Court has reviewed the allegations of the inmates and the new administrative regulation AR 810. The Court finds no apparent violation of the consent decree. Moreover, these inmates are not parties to the instant action. The allegations made by the inmates exceed the scope of the consent decree and will not be included as part of this action.

**IT IS THEREFORE ORDERED** that the *pro se* motions to correction violation of permanent injunction and decree, filed by state prisoners Thomas G. Smittle, Michael Dick, Shane Johnson, and Jude Perry (Docket #168, 169, 170, and 171) are **DENIED.**

Dated this 3rd day of November, 2008.

_____
LARRY R HICKS
UNITED STATES DISTRICT JUDGE

3